UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>CICELY MULDOON, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00710-JLT-EPG<br><br>ORDER RE: STIPULATION OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)<br><br>(ECF No. 130). |

On November 22, 2023, the parties filed a joint stipulation for dismissal of Plaintiff's claims against Defendants Cicely Muldoon, United States National Park Service, and United States Department of the Interior, with each party to bear its own attorneys' fees and costs. (ECF No. 130). As set forth in the parties' stipulation,

> Plaintiff initiated this lawsuit challenging the National Park Service's ("NPS") implementation of two projects (collectively, "projects"): the Wawona Road Project, which is described in paragraphs 6 and 7 of Plaintiffs' Second Amended Complaint ECF No. 105, and the Yosemite Valley Project, which is described at paragraph 8 and 9 of that pleading. Plaintiffs' Second Amended Complaint contains two claims with multiple sub-counts.
>
> Claim One – which contains six sub-counts – asserts that NPS violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). Claim One, Count One alleges that NPS violated NEPA by implementing the projects without completing an environmental impact statement ("EIS") or environmental assessment ("EA") or identifying a proper categorical exclusion ("CE"). Claim One, Count Two alleges that no proper categorical

1

exclusion was identified for the projects and the CE packages used by NPS were an improper substitute for an EIS or EA. Claim One, Count Three alleges that NPS' 2004 Fire Management Plan ("FMP") is outdated and that NPS violated NEPA by tiering the CEs for the projects to the FMP. Claim One, Count Four alleges that the presence of extraordinary circumstances precluded the use of CEs for the two challenged projects. Claim One, Count Five alleges that NPS failed to take a hard look at the environmental impacts of the projects. And finally, Claim One, Count Six alleges that NPS violated NEPA by failing to facilitate public disclosure and comment.

Claim Two alleges that NPS violated the Organic Act and the APA by approving the projects in violation of approved park management plans may result in the impairment of Park resources.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties agree to dismiss all of Plaintiffs' claims. Because Plaintiffs' claims are limited to challenging the two disputed projects, the parties agree to dismiss with prejudice Plaintiff's claims challenging NPS' decision to implement the Wawona Road Project and the Yosemite Valley Project. As noted in footnote 1 and 2 of this stipulation, the parties do not intend for this stipulation of dismissal to have any preclusive effect on future claims challenging different projects that rely upon the FMP or any future claim challenging the FMP itself or its Environmental Impact Statement; however, the parties do intend for this stipulation to finally resolve any litigation relating to the two challenged projects.

(ECF No. 130, pp. 2-3).

In light of the parties' stipulation, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii), and has been dismissed subject to the terms of the parties' stipulation (ECF No. 130), with each party to bear its own attorneys' fees, costs, and expenses. Accordingly, the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 27, 2023**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE